**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

| |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL A. ARCHER | No. 1:22-cr-00140-SDN |

**PROSECUTION VERSION OF THE OFFENSES
(26 U.S.C. § 7201 & 18 U.S.C. § 152(7))**

If this case were to proceed to trial, the United States Attorney would establish the following facts through witness testimony and documentary evidence to prove beyond a reasonable doubt that the defendant, Paul A. Archer, attempted to evade or defeat taxes in violation of 26 U.S.C. § 7201 and engaged in fraudulent transfers and concealment in a bankruptcy proceeding in violation of 18 U.S.C. § 152(7) from about April 2018 through about November 2019:

### *A.  Background*

Defendant at all relevant times owned and operated the single-member Maine business entity Max Tune Up, LLC, an online marketing business for software installation on computers. Max Tune Up, LLC received commissions when clients used its software. Defendant reported over $3 million in gross receipts for tax years 2013 and 2014 through Forms 1040 he self-prepared and filed with the Internal Revenue Service ("IRS"). During a 2016 audit performed by the IRS, as discussed below, Defendant was interviewed by an IRS Revenue Agent about Max Tune Up, LLC. Defendant stated during the audit interview that he was the owner of Max Tune Up, LLC, which he described as marketing downloadable antivirus software developed by third parties. Defendant stated that his main clients were two companies, COMPANY C

and COMPANY R. Defendant stated that he started Max Tune Up, LLC in 2010, a fact confirmed by Maine Secretary of State filings.

### B.     2016 IRS Audit of 2013, 2014, and 2015 Tax Years

In January 2016, the IRS commenced an audit of Defendant's 2013 and 2014 tax returns. An IRS Revenue Agent audited tax years 2013 and 2014 and made adjustments, including for the disallowance of net operating losses claimed by Defendant in the amounts of about $526,905 for 2013 and about $314,498 for 2014. Because Defendant did not timely file a return for the 2015 tax year, the IRS Revenue Agent prepared a Substitute for Return for that year. The audit was completed in December 2016 and a statutory notice of deficiency was sent via certified mail to Defendant in February 2017. The notice informed Defendant that he had a total unpaid balance at that time of approximately $1,033,259.29, for the years 2013 ($584,668.81), 2014 ($337,571.01), and 2015 ($111,019.47).

### C.     Defendant's 2017-2018 Activities

A Federal Tax Lien was filed on Defendant's personal residence in Hampden (the "Hampden Property") on about April 26, 2018. On about April 30, 2018, Max Tune Up, LLC was incorporated in the state of Delaware. Defendant rented a "virtual office space" in Delaware on behalf of Max Tune Up, LLC, using an American Express credit card issued in his own name. Max Tune Up, LLC's only listed member, however, was Defendant's father. On about May 2, 2018, an account in the name of Max Tune Up, LLC (account ending in -7378) was opened at a Wells Fargo branch in California, by Defendant's father, who was listed as the person with sole signature authority. From May 2018 through November 2018, this Wells Fargo account received approximately $884,283.89 in deposits from COMPANY R for the benefit of Defendant. The Wells

Fargo account also showed numerous expenses paid for Defendant's benefit, as well as point of sale transactions in and around the area of Hampden, Maine.

On about May 21, 2018, another Wells Fargo account (account ending in -5886) was opened by Defendant's father, this time in the name of an entity known as Stealth Kit, LLC. From about May 2018 to about January 2020, the Wells Fargo Stealth Kit, LLC account received over $426,566.78 in deposits from COMPANY R for the benefit of Defendant. Stealth Kit, LLC was first incorporated by Defendant in Maine in about July 2017. According to IRS records, in about July 2017, Defendant filed an EIN application for Stealth Kit, LLC, using the Hampden Property as a business address, and listed himself as the sole member. On about May 4, 2018, Stealth Kit, LLC was separately incorporated in the state of Delaware.

At all relevant times, Defendant was the beneficial owner and operator of Stealth Kit, LLC, as well as of Max Tune Up, LLC. He caused each entity to initially be incorporated in Maine, and subsequently, in Delaware.

In June 2018, Defendant sold the Hampden Property for $360,000. At the closing, Defendant personally received a check payable to Max Tune Up, LLC in the amount of approximately $337,479.19. Records provided by the real estate agent, closing agent, and title company show that Defendant was solely responsible for handling seller responsibilities, in that he executed contracts, disclosures, and communications on behalf of Max Tune Up, LLC by signing "Paul Archer, member." Defendant also solely engaged and directed all of the activities of the realtor. The sale proceeds were ultimately deposited into the Max Tune Up, LLC Wells Fargo account via check. From that account, approximately $70,250 was sent via a separate series of checks made payable to Defendant's spouse and deposited into a Bangor Savings Bank

3

account in her name (account ending in -0141). Defendant used this Bangor Savings Bank account of his spouse to make payments on an automobile loan, as well as on various personal credit cards.

### D. 2018 IRS Collection and Compromise Attempts

Collection attempts were made by the IRS in early 2018. On February 12, 2018, Defendant self-prepared and late-filed a Form 1040 for the 2015 tax year. On that return, he attempted to reinstate the net operating losses which he claimed stemmed from his 2013 and 2014 tax years. These were the same net operating losses which had previously been disallowed during the IRS audit. From about May 2018 through about July 2018, Defendant retained a tax preparer to prepare an IRS Offer in Compromise. No Offer of Compromise was ever filed. Defendant has made no payments to the IRS for any taxes, interest or penalties.

### E. Defendant's 2019 Chapter 7 Bankruptcy

On about March 15, 2019, Defendant filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the District of Maine, case number 19-10111. As a result of the bankruptcy automatic stay, the IRS ceased all collection efforts. In the Chapter 7 bankruptcy matter, Defendant filed and caused to be filed on his behalf a petition and schedules containing knowingly false, misleading, and incomplete information; provided knowingly false, misleading, and incomplete information in sworn testimony; and objected to the Chapter 7 Trustee's efforts to obtain additional information and extensions of time to examine Defendant's financial condition.

According to his Chapter 7 petition and schedules, Defendant falsely claimed less than $50,000 in assets; $20 in cash; $310.44 held in a single Katahdin Trust Co. bank account; no other assets or property interests; no recent asset transfers; and no

connections to any businesses or memberships in any LLCs within the past four years. This information was materially false. Defendant—personally and also as an agent and a member of Max Tune Up, LLC and Stealth Kit, LLC— transferred and concealed his property, both in contemplation of his bankruptcy case as well as with the intent to defeat the provisions of Chapter 7 after his bankruptcy case was filed.

Defendant arranged for the sale of the Hampden Property and transferred and concealed the proceeds of the sale by using bank accounts held in the names of Max Tune Up, LLC and his spouse, as referenced above.

Defendant transferred and concealed assets and income by using bank accounts held in the names of Max Tune Up, LLC, Stealth Kit, LLC, his father, and his spouse, including as referenced above. Defendant further opened, owned, and controlled Bangor Savings Bank accounts for Max Tune Up, LLC (accounts ending in -2617, -4570, and -7634), Stealth Kit, LLC (account ending in -6341), and his spouse (account ending in -0141). Defendant opened, owned, and controlled a Bank of America account for Stealth Kit, LLC (account ending in -9644), which he used to receive income from COMPANY C, COMPANY R, and other payors, initiate and receive over $2 million in wires, and to make transfers to credit cards, cryptocurrency trading platforms, online payment systems, and toward local debit card purchases. Defendant transferred and concealed assets and income by transferring a TD Ameritrade investment account held in his own name (account ending in -1331) to an account held in the name of Stealth Kit, LLC (account ending in -2094), thereafter maintaining beneficial ownership and control of such Stealth Kit, LLC account and engaging in trading activity, stock ownership, and dividend/interest distributions both prior to and during the Chapter 7 bankruptcy. As of March 2019, the month of his Chapter 7 case filing, the TD

Ameritrade Stealth Kit, LLC account owned and controlled by Defendant had a value of approximately $78,735.

Defendant utilized the online payment system PayPal and cryptocurrency exchanges Coinbase and Kraken to transfer and conceal assets and income through bank accounts held in the names of Max Tune Up, LLC and Stealth Kit, LLC. Defendant opened, owned, and controlled a PayPal account (account ending in -6719) linked to the Bank of America account for Stealth Kit, LLC (account ending in -9644), and opened, owned, and controlled an additional PayPal account (account ending in -6716) linked to Wells Fargo accounts for Max Tune Up, LLC (accounts ending in -5006 and -7378). Defendant used both PayPal accounts to receive, withdraw, and transfer funds, both prior to and during the Chapter 7 bankruptcy. Defendant further owned and transacted in cryptocurrency (*e.g.*, Bitcoin) using the cryptocurrency exchanges Coinbase and Kraken, both prior to and during the Chapter 7 bankruptcy. Coinbase records show that Defendant purchased approximately $250,000 in cryptocurrency, including approximately $124,895 of Bitcoin. Defendant funded his Kraken cryptocurrency account with approximately $102,500 transferred from the Bank of America account for Stealth Kit, LLC.

In addition, Defendant concealed the existence of his property from the Chapter 7 Trustee, his creditors, and the Bankruptcy Court by hiding, omitting, and withholding information by and through his written and oral statements, including as follows:

- On April 26, 2019, Defendant falsely stated under oath during a meeting of creditors convened by the Chapter 7 Trustee that the information contained in his bankruptcy petition, schedules and statements was true, complete and accurate; all his assets were listed; he was not employed; he had no earnings in 2018; he was not operating a business; his ex-wife and father financially supported him; he had never used an American Express credit card; he only had one bank account (with Katahdin Trust Co.); he did not recognize the

business name Stealth Kit, LLC; he had no ownership interest in or association with Max Tune Up, LLC or Stealth Kit, LLC; he had not transferred property worth more than $7,500; and he did not have any Bitcoin or cryptocurrency.

- On July 12, 2019, Defendant falsely stated under oath during the continued meeting of creditors convened by the Chapter 7 Trustee that he was not a member or owner of any business entity.

- On July 29, 2019, in Defendant's "Opposition to Trustee's Motion for Authority to Issue Subpoenas and Deliver Order to Compel the Productions of Documents" filed with the Bankruptcy Court, he falsely stated that he was not concealing assets and that his ex-wife and father financially supported him.

- On September 30, 2019, in Defendant's "Reply to Trustee's Opposition to Motion/Request for this Court to Honor and Enforce its Previous Order on Enlargement of Time" filed with the Bankruptcy Court, he falsely stated that he gave truthful testimony during the meeting of creditors held on April 26, 2019, had no ownership in any LLC, and that his financial net worth was zero dollars.

- On October 28, 2019, Defendant composed and sent an email to the Chapter 7 Trustee, falsely repeating that he was not a member or owner of any business entity.

\* \* \* \* \*

Had the case proceeded to trial, the Government would have offered evidence of the above through the submission of witness testimony and financial, business, and public records.

Dated: April 28, 2025  CRAIG M. WOLFF
       Bangor, Maine  Acting United States Attorney

       **/s/ ANDREW K. LIZOTTE**
       ANDREW K. LIZOTTE
       Assistant United States Attorney

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 28, 2025, I electronically filed the forgoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

      Craig M. Wolff
      Acting United States Attorney

      BY: /s/ Andrew K. Lizotte
      Andrew K. Lizotte
      Assistant United States Attorney